Clifford J. Payne, No. 5533
MORGAN, MINNOCK, RICE & JAMES, L.C.
Kearns Building, Eighth Floor
136 South Main Street
Salt Lake City, Utah  84101
Telephone: (801) 531-7888
Fax number: (801) 531-9732
*Attorneys for Defendant Wal-Mart Stores, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EDIZONE, LLC,<br><br>    Plaintiff,<br><br>    vs.<br><br>MERCK & CO., INC.,<br>SCHERING-PLOUGH HEALTHCARE<br>PRODUCTS, INC.,<br>BROWN SHOE COMPANY, INC.,<br>WAL-MART STORES, INC.,<br>TARGET CORPORATION,<br>WALGREEN CO.,<br>and DOES 1 – 50,<br><br>    Defendants. | **DEFENDANT WAL-MART STORES,<br>INC'S ANSWER  AND JURY DEMAND**<br><br><br><br>Case No.: 2:10-cv-00855-TS<br><br>Judge Ted Stewart |

Defendant Wal-Mart Stores, Inc. ("Walmart") hereby respectfully answers and

otherwise responds to the Complaint of Plaintiff EdiZONE, LLC ("EdiZONE"), filed August

26, 2010.  To the extent any allegation in the Complaint is not specifically admitted by

Walmart, Walmart expressly denies each such allegation.  Walmart hereby sets forth its answers, responses and affirmative defenses as follows:

## PARTIES AND JURISDICTION

1.      Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and, therefore, denies each and every allegation therein.

2.      (a)      Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2(a) of the Complaint and, therefore, denies each and every allegation therein.

(b)      Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2(b) of the Complaint and, therefore, denies each and every allegation therein.

(c)      Walmart admits that it is a Delaware corporation with a principal place of business outside of the state of Utah, that it has retail stores within the state of Utah, and that it has retail stores in the United States of America.  Walmart also admits that it sells Dr. Scholl's insole, heel cushion, and heel cup products in its retail stores.  Except as expressly admitted herein, Walmart is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2(c) of the Complaint, and therefore denies each and every other allegations set forth therein.

(d)    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2(d) of the Complaint and, therefore, denies each and every allegation therein.

3.    Walmart admits that it sells and distributes products in the state of Utah, and Walmart does not contest that this Court has personal jurisdiction over Walmart for the purpose of this action only.  Walmart is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3 of the Complaint, and therefore denies each and every other allegation set forth therein.

4.    Walmart admits that this Court has jurisdiction over the subject matter of the patent infringement claims, and that Walmart has retail stores within the state of Utah, but Walmart denies that it has committed any acts of patent infringement within the state of Utah. Walmart is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of the Complaint, and therefore denies each and every other allegation set forth therein.

5.    Walmart admits that this Court has subject matter jurisdiction over the patent infringement allegations, and Walmart admits that venue of this action is proper with respect to Walmart for the purposes of this action only.  Walmart is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5 of the Complaint, and therefore denies each and every other allegation set forth therein.

## <u>GENERAL ALLEGATIONS</u>

6.      Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and, therefore, denies each and every allegation therein.

7.      Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and, therefore, denies each and every allegation therein.

8.      Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and, therefore, denies each and every allegation therein.

9.      Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and, therefore, denies each and every allegation therein.

10.      Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and, therefore, denies each and every allegation therein.

11.      Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and, therefore, denies each and every allegation therein.

12.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and, therefore, denies each and every allegation therein.

13.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and, therefore, denies each and every allegation therein.

14.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and, therefore, denies each and every allegation therein.

15.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint and, therefore, denies each and every allegation therein.

16.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and, therefore, denies each and every allegation therein.

17.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and, therefore, denies each and every allegation therein.

18.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and, therefore, denies each and every allegation therein.

19.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and, therefore, denies each and every allegation therein.

20.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and, therefore, denies each and every allegation therein.

21.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and, therefore, denies each and every allegation therein.

22.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and, therefore, denies each and every allegation therein.

23.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and, therefore, denies each and every allegation therein.

24.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and, therefore, denies each and every allegation therein.

25.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and, therefore, denies each and every allegation therein.

26.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and, therefore, denies each and every allegation therein.

27.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and, therefore, denies each and every allegation therein.

28.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and, therefore, denies each and every allegation therein.

29.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and, therefore, denies each and every allegation therein.

30.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and, therefore, denies each and every allegation therein.

## FIRST CLAIM FOR RELIEF
### (Breach of License Agreement
### Against DR. SCHOLL'S for Failure to Mark and Timely Cure)

31.     Walmart incorporates by reference its answers and responses to all other allegations of the Complaint as if fully set forth and restated herein.

32.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and, therefore, denies each and every allegation therein.

33.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint and, therefore, denies each and every allegation therein.

34.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint and, therefore, denies each and every allegation therein.

35.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint and, therefore, denies each and every allegation therein.

36.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint and, therefore, denies each and every allegation therein.

37.     Walmart admits that there are Walmart stores in American Fork, Utah, and Lindon, Utah.  Walmart is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 37 of the Complaint, and therefore denies each and every other allegation set forth therein.

38.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint and, therefore, denies each and every allegation therein.

39.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint and, therefore, denies each and every allegation therein.

40.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint and, therefore, denies each and every allegation therein.

**SECOND CLAIM FOR RELIEF**
**(Breach of License Agreement**
**Against DR. SCHOLL'S for**
**Exceeding Field of Use with Whole Shoes)**

41.     Walmart incorporates by reference its answers and responses to all other allegations of the Complaint as if fully set forth and restated herein.

42.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint and, therefore, denies each and every allegation therein.

43.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint and, therefore, denies each and every allegation therein.

44.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint and, therefore, denies each and every allegation therein.

45.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint and, therefore, denies each and every allegation therein.

**THIRD CLAIM FOR RELIEF**
**(Patent Infringement**
**Against DR. SCHOLL'S and BROWN SHOE for**
**Use of Massaging Gel in Whole Shoes)**

46.     Walmart incorporates by reference its answers and response to all other allegations of the Complaint as if fully set forth and restated herein.

47.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations incorporated by Paragraph 47 of the Complaint and, therefore, denies each and every allegation therein.

48.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations incorporated by Paragraph 48 of the Complaint and, therefore, denies each and every allegation therein.

49.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations incorporated by Paragraph 49 of the Complaint and, therefore, denies each and every allegation therein.

50.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations incorporated by Paragraph 50 of the Complaint and, therefore, denies each and every allegation therein.

51.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations incorporated by Paragraph 51 of the Complaint and, therefore, denies each and every allegation therein.

52.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations incorporated by Paragraph 52 of the Complaint and, therefore, denies each and every allegation therein.

**FOURTH CLAIM FOR RELIEF**
**(Patent Infringement**
**Against DR. SCHOLL'S and RETAILERS for**
**Supplying and Selling Massaging Gel without a License)**

53.     Walmart incorporates by reference its answers and responses to all other allegations of the Complaint as if fully set forth and restated herein.

54.     Walmart denies that it has sold any DR. SCHOLL's brand products that infringe upon any claims of the '759 Patent.  Walmart is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 54 of the Complaint, and therefore denies each and every other allegation set forth therein.

55.     Walmart is without knowledge or information sufficient to form a belief as to what notice DR. SCHOLL's allegedly had, if any, and further, whether it received any products bearing the '759 Patent number listed thereon, and, therefore, denies each such allegation. Further, Walmart notes that the allegations of this Paragraph 55 appear to be contradicted by the

11

allegations of the First Claim for Relief.  As for any remaining allegations in Paragraph 55 of the Complaint, Walmart is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies each and every other allegation set forth therein.

56.     Insofar as understood, denied.  Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint, and therefore denies each and every allegation set forth therein.

57.     Insofar as this Paragraph 57 pertains to Walmart, denied.  Walmart is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 57 of the Complaint, and therefore denies each and every other allegation set forth therein.

58.     Insofar as this Paragraph 58 pertains to Walmart, denied.  Walmart is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 58 of the Complaint, and therefore denies each and every other allegation set forth therein.

59.     Insofar as this Paragraph 59 pertains to Walmart, denied.  Walmart is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 59 of the Complaint, and therefore denies each and every other allegation set forth therein.

## REQUESTED RELIEF

Walmart denies that EdiZONE is entitled to any of the relief that it has requested against Walmart.

## AFFIRMATIVE AND OTHER DEFENSES

Further answering the Complaint, and as additional defenses thereto, Walmart asserts the following affirmative defenses to EdiZONE's Fourth Claim, the only claim in which Walmart is named, without assuming the burden of proof when such burden would otherwise rest with EdiZONE.  Walmart expressly reserves the right to amend its Answer and Affirmative Defenses as additional information becomes available and/or is otherwise discovered, and to introduce any of the following defenses, other defenses, and counterclaims, that may arise:

### First Affirmative Defense:
### Patent Invalidity

The claims of the '759 Patent are invalid for failing to comply with one or more of the requirements of the Patent Laws of the United States, 35 U.S.C. §§ 100, *et seq.* including, but not limited to §§ 101, 102, 103, and 112.

### Second Affirmative Defense:
### Noninfringement

Walmart has not infringed and is not liable for any infringement of any valid claim of the '759 Patent.

**Third Affirmative Defense:**
**Laches, Waiver, Estoppel, Acquiescence, Equitable Estoppel, and Unclean Hands**

EdiZONE's claims are barred in whole or in part by the doctrines of laches, waiver,

estoppel, acquiescence, equitable estoppel, and/or unclean hands.

**Fourth Affirmative Defense**

EdiZONE fails to state a claim against Walmart upon which relief may be granted.

**Fifth Affirmative Defense**

Upon information and belief, by reason of the proceedings in the U.S. Patent and

Trademark Office during the prosecution of the applications that matured into the '759 Patent,

and in particular, the applicants and/or their representative(s) and/or agent's remarks,

representations, concessions, amendments and/or admissions during those proceedings,

EdiZONE is precluded and estopped from asserting that Walmart has infringed upon any of

the claims of the '759 Patent.

**Sixth Affirmative Defense**

Walmart has not made, used, imported, offered for sale or sold in the United States,

and is not making, using, importing, offering for sale, or selling any product or method which

would infringe any valid and/or enforceable claim of the '759 Patent.

**Seventh Affirmative Defense**

Upon information and belief, Walmart states that EdiZONE is wholly or partially barred

from the relief that it seeks because the '759 Patent is invalid as to each of the claims thereof for

failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100

*et seq.*, for one or more of the following reasons, as well as others hereinafter set forth or which

Walmart may hereafter discover or otherwise become informed:

(a)    The alleged invention was not new before the applicant's alleged

conception and/or reduction to practice;

(b)    The alleged invention was known or used by others in this country, or

patented or described in a printed publication in this or a foreign country, before the alleged

invention thereof by the applicant for patent;

(c)    The alleged invention was patented or described in a printed publication

in this or a foreign country, or were in public use, on sale or sold in this country, more than

one year prior to the date of the application thereof in the United States;

(d)    The alleged invention was described in a patent granted on an

application for patent by another filed in the United States before the alleged invention thereof

by the applicant for the patent;

(e)    The patentees did not themselves invent the subject matter claimed;

(f)    The patentees abandoned the alleged invention;

(g)    Before the alleged invention was made by the patentees, said alleged

invention was made in this country by others who had not abandoned, suppressed or concealed

the same;

(h)    The difference between the subject matter sought to be patented in the

'759 Patent and the prior art are such that the subject matter as a whole would have been

obvious at the time the alleged invention was made to a person having ordinary skill in the art

to which said subject matter pertains;

(i)      The alleged invention does not involve the exercise of inventive faculty, but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged invention thereof by the patentee(s);

(j)      The '759 Patent does not contain a written description of the alleged invention, and of the manner and process of making and using it, in such full, clear, concise and exact terms to enable one skilled in the art to which it is directed to make and use it, and, further, does not set forth the best mode contemplated by the alleged inventors of carrying out the alleged invention; and

(k)      The asserted claims do not particularly point out and distinctly claim the subject matter which the applicants and/or patentees regard as their invention.

**Eighth Affirmative Defense**

Walmart states that it has not contributed to the infringement of, and/or induced the infringement of, any valid and/or enforceable claim of the '322 Patent and/or the '481 Patent.

**Ninth Affirmative Defense**

Upon information and belief, Walmart states that, by reason of prosecution history estoppel, EdiZONE is barred from asserting a claim construction that would cause any of the claims of the '322 Patent and/or the '481 Patent to be infringed by any products or methods made, used, offered for sale, or sold by Walmart.

### Tenth Affirmative Defense

Walmart denies that EdiZONE is entitled to any of the relief requested against Walmart.

### Eleventh Affirmative Defense

Any claims of the '759 Patent that may not be, *arguendo*, held invalid and/or unenforceable are so restricted in scope that Walmart has not infringed, and does not infringe, upon any such claims.

WHEREFORE, Walmart denies that EdiZONE is entitled to any relief as prayed for in the Complaint or otherwise and, accordingly, respectfully prays for entry of judgment:

A.     Dismissing EdiZONE's Complaint against Walmart, with prejudice;

B.     Finding that Walmart has not infringed and is not infringing upon any of the claims of the '759 Patent;

C.     Finding that each claim of the '759 Patent is invalid;

D.     Finding that the '759 Patent is unenforceable;

E.     Enjoining EdiZONE and/or any of its respective officers, directors, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, from directly or indirectly asserting infringement against, or instituting any further action for infringement of the '759 Patent against Walmart, or any of its customers, agents, successors and assigns;

F.      Finding that this case is exceptional pursuant to 35 U.S.C. § 285 and awarding

Walmart its reasonable attorneys' fees, expenses and costs incurred in connection with this

action; and

G.      Awarding to Walmart such other and further relief as the Court may deem just

and proper under the circumstances.

### RELIANCE ON JURY DEMAND

Walmart hereby demands a jury trial on all issues.  Walmart relies on the jury fee

previously paid to the Court and otherwise relies on the jury demand previously made by the

parties to this action.

DATED this 22nd day of October, 2010.

MORGAN, MINNOCK, RICE & JAMES, L.C.

 / Clifford J. Payne_____
Clifford J. Payne
*Attorneys for Defendant Wal-Mart Stores, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of October, 2010October, 2010, I caused to be

electronically filed a true and correct copy of the foregoing **DEFENDANT WAL-MART**

**STORES, INC.'S ANSWER** with the Clerk of Court using the CM/ECF system which sent

notification of such filing to the following:

Casey K. McGarvey
EdiZONE LLC
123 E. 200 N.
Alpine, UT  84004


                                              /s/ Clifford J. Payne