Casey K. McGarvey (4882)
EdiZONE, LLC
123 East 200 North
Alpine, Utah 84004
(801) 936-1039
casey@edizone.com

Attorneys for Plaintiff and
Counterclaim Defendant,
EdiZONE, LLC

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EDIZONE, LLC,<br><br>          Plaintiff,<br><br>vs.<br><br>MERCK & CO., INC, SCHERING-PLOUGH HEALTHCARE PRODUCTS, INC., BROWN SHOE COMPANY, INC., WAL-MART STORES, INC., TARGET CORPORATION, WALGREEN CO., and DOES 1 – 50,<br><br>          Defendants.<br>_____<br><br>MERCK & CO., INC. and SCHERING-PLOUGH HEALTHCARE PRODUCTS, INC.,<br><br>          Counterclaimants,<br><br>vs.<br><br>EDIZONE, LLC,<br><br>          Counterclaim Defendant. | **EDIZONE, LLC'S ANSWER TO DECLARATORY JUDGMENT COUNTERCLAIMS**<br><br>Case No.: 2:10-cv-00855-TS<br><br>Judge Ted Stewart |

Plaintiff, EdiZONE, LLC ("EdiZONE"), hereby answers and otherwise responds to the various paragraphs of the "Declaratory Judgment Counterclaims" of Defendants Merck & Co., Inc. and Schering-Plough Healthcare Products, Inc. (collectively "DR. SCHOLL'S"[1]), as follows:

ANSWER TO DECLARATROY JUDGMENT COUNTERCLAIMS

1. Responding to Paragraph 1, EdiZONE admits that DR. SCHOLL'S has asserted counterclaims, but EdiZONE denies that DR. SCHOLL'S is entitled to the relief requested. EdiZONE denies any other allegation of Paragraph 1 and responds further in the paragraphs below to the specific allegations of those counterclaims.

THE PARTIES

2. On information and belief, EdiZONE admits that Merck & Co, Inc. is a New Jersey corporation with its principle place of business at One Merck Drive, Whitehouse Station, NJ 08880. EdiZONE denies any other allegation of Paragraph 2.

3. EdiZONE denies that it is a Delaware corporation, but admits that its principle place of business is in Alpine, Utah. EdiZONE denies any other allegation of Paragraph 3.

JURISDICTION AND VENUE

4. EdiZONE admits that this Court has subject matter jurisdiction over the counterclaims, but unless otherwise admitted in this answer EdiZONE denies any other allegation of Paragraph 4.

---

[1] DR. SCHOLL'S, which encompasses both Merck & Co., Inc. and its wholly owned subsidiary Schering-Plough Healthcare Products, Inc., is referred to by Defendants as "Merck".

5. EdiZONE admits that it is subject to personal jurisdiction as to the counterclaims in this action, but unless otherwise admitted in this answer EdiZONE denies any other allegation of Paragraph 5.

6. EdiZONE admits the allegation in Paragraph 6 as to venue.

## FIRST COUNT OF COUNTERCLAIMS
(Declaratory Judgment of Non-Infringement of United States Patent No. 6,865,759)

7. Responding to Paragraph 7, EdiZONE incorporates by reference its responses to the allegations of Paragraphs 1 through 6 as if fully restated herein.

8. EdiZONE admits the allegation in Paragraph 8 of its ownership of the '759 patent.

9. EdiZONE admits the allegation in Paragraph 9 that it contends DR. SCHOLL'S has and is infringing the '759 patent.

10. EdiZONE admits the allegation in Paragraph 10 that DR. SCHOLL'S denies its past and current infringement creating a controversy between the parties as to DR. SCHOLL'S unlawful conduct.

11. EdiZONE objects to Paragraph 11 as confusing in its reference to a "prior" Settlement Agreement, but as to what it understands regarding the Settlement Agreement being referenced, EdiZONE denies that it effectively admitted therein that upon a later termination of DR. SCHOLL'S license that was granted as part of that settlement DR. SCHOLL'S would not be infringing the formerly-licensed '759 patent if it continued to make, use or sell formerly-licensed product without a licensed right to do so. EdiZONE admits that if DR. SCHOLL'S licensed right to practice that patent had not terminated DR. SCHOLL'S would not be infringing that patent, but EdiZONE avers that the licensed right to practice that patent did terminate and DR. SCHOLL'S therefore has been and is infringing that patent by its conduct in thereafter selling

the formerly-licensed products which it has marked with that patent after determining that the claims of the patent read-on its products.

12. EdiZONE denies all the allegations of Paragraph 12.

13. EdiZONE denies all the allegations of Paragraph 13.

## SECOND COUNT OF COUNTERCLAIMS
(Declaratory Judgment of Invalidity of United States Patent No. 6,856,759 [sic])

14. Responding to Paragraph 14, EdiZONE incorporates by reference its responses to the allegations of Paragraphs 1 through 13 as if fully restated herein.

15. EdiZONE admits the allegation in Paragraph 15 that it contends DR. SCHOLL'S has and is infringing the '759 patent which is presumed by law to be valid. EdiZONE denies any other allegation of Paragraph 15.

16. EdiZONE denies all the allegations of Paragraph 16.

## THIRD COUNT OF COUNTERCLAIMS
(Declaratory Judgment of Unclean Hands and Patent Misuse)

17. Responding to Paragraph 17, EdiZONE incorporates by reference its responses to the allegations of Paragraphs 1 through 16 as if fully restated herein.

18. EdiZONE admits the allegation in Paragraph 18 that it entered into a Settlement Agreement dated on or about May 18 or 24, 2001. Exhibit A speaks for itself, and appears to be a copy of that agreement with its own Exhibit A, the License Agreement, that DR. SCHOLL'S promised to perform in consideration of the Settlement Agreement.

19. EdiZONE admits that the Settlement Agreement that is the subject of Paragraph 18 above speaks for itself, including its Exhibit A, the License Agreement. EdiZONE denies the allegation of Paragraph 19 that the Settlement Agreement grants any immunity from suit on the claims for relief alleged by EdiZONE in this action. EdiZONE avers that the Settlement

Agreement in fact mandates DR. SCHOLL'S' performance of the License Agreement as consideration for the Settlement Agreement, and DR. SCHOLL'S cannot enforce any covenant not to sue within the Settlement Agreement when the suit is based upon a breach of the License Agreement and when DR.SCHOLL'S first breached the Settlement Agreement by not performing the License Agreement.  DR. SCHOLL'S breached the Settlement Agreement by not performing the License Agreement through its failure to timely mark its products with the '759 patent and by continuing to practice the '759 patent after its licensed right to do so terminated. The License Agreement expressly requires DR. SCHOLL'S to cease such use upon termination of the license and DR. SCHOLL'S has not and is not complying with that express provision. EdiZONE denies any other allegation of Paragraph 19.

20. EdiZONE admits that the '759 patent, which is a public document, speaks for itself.  EdiZONE denies any other allegation of Paragraph 20.

21. EdiZONE admits that the Settlement Agreement that is the subject of Paragraph 18 above speaks for itself, including its Exhibit A, the License Agreement.  EdiZONE denies the allegation of Paragraph 21 that in the Settlement Agreement EdiZONE admitted anything, including that DR. SCHOLL'S' products, which it has marked with the '759 patent, do not infringe any continuation-in-part of the referenced '111 and '527 patents upon the facts of this case. EdiZONE avers that the Settlement Agreement in fact mandates DR. SCHOLL'S' performance of the License Agreement as consideration for the Settlement Agreement, and DR. SCHOLL'S cannot claim non-infringement in light of anything stated in the Settlement Agreement when the infringement is of a patent that is the subject of the License Agreement and when DR. SCHOLL'S first breached the Settlement Agreement by not performing the License Agreement.  The '759 patent is the subject of the License Agreement.  DR. SCHOLL'S breached

the Settlement Agreement by not performing the License Agreement through its failure to timely mark its products with the '759 patent and by continuing to wrongful practice the '759 patent after its licensed right to do so terminated. The License Agreement expressly requires DR. SCHOLL'S to cease such use upon termination of the license and DR. SCHOLL'S has not and is not complying with that express provision. EdiZONE denies any other allegation of Paragraph 21.

22. EdiZONE denies all the allegations of Paragraph 22.

23. EdiZONE denies all the allegations of Paragraph 23.

24. EdiZONE denies all the allegations of Paragraph 24.

## FOURTH COUNT OF COUNTERCLAIMS
(Breach of Contract)

25. Responding to Paragraph 25, EdiZONE incorporates by reference its responses to the allegations of Paragraphs 1 through 24 as if fully restated herein.

26. EdiZONE denies all the allegations of Paragraph 26.

27. EdiZONE denies all the allegations of Paragraph 27.

28. EdiZONE denies all the allegations of Paragraph 28.

29. EdiZONE denies each and every other allegation not expressly admitted above.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The counterclaims fail to state a claim for relief upon which the relief sought, or any relief, can be granted.

## SECOND DEFENSE

The counterclaims, or some of them, fail because EdiZONE has not breached either the Settlement Agreement or License Agreement.

## THIRD DEFENSE

The counterclaims, or some of them, fail because DR. SCHOLL'S breached first and cannot enforce a contract which it has breached and continues to breach.

## FOURTH DEFENSE

The counterclaims, or some of them, fail for failure of consideration.

## FIFTH DEFENSE

The counterclaims, or some of them, fail for DR. SCHOLL'S' unclean hands or other equitable considerations.

## SIXTH DEFENSE

All claims of EdiZONE's '759 patent are presumed to be valid as a matter of law, and DR. SCHOLL'S cannot practice any of those claims without a licensed right to do so which it does not have.

## SEVENTH DEFENSE

EdiZONE's '759 patent is admitted by DR. SCHOLL'S to read on its products by virtue of its having considered and made the determination to mark its products with that patent, even though such marking was later then when DR. SCHOLL'S was required to do so under the terms of the License Agreement.

## EIGTH DEFENSE

DR. SCHOLL'S' claims for non-infringement and patent invalidity are barred by its admissions or conduct and the doctrine of equitable estoppel.

## NINTH DEFENSE

The Settlement Agreement and License Agreement, as properly construed, do not support the counterclaims, or some of them.

## TENTH DEFENSE

EdiZONE is entitled as a matter of law to enforce its patent rights and contract rights.

## ELEVENTH DEFENSE

DR. SCHOLL'S has not incurred damages or has failed to mitigate any damages.

## TWELTH DEFENSE

EdiZONE reserves the right to amend, modify, or supplement theses defenses as may be necessary based on discovery in this matter.

## PRAYER

WHEREFORE, EdiZONE respectfully prays that the Court dismiss these counterclaims with prejudice, and upon the merits, that the Court grant the relief requested in EdiZONE's claims for relief against DR. SCHOLL'S, with an award to EdiZONE of its fees, costs and expenses as allowed by the Settlement Agreement, License Agreement and by law, and that the Court order such further and other relief determined to be necessary under the circumstances.

## JURY DEMAND

EdiZONE requests a trial by jury of all issues so triable.

DATED this 10th day of December, 2010.

    /Casey K. McGarvey/
    Casey K. McGarvey
    General Counsel for EdiZONE, LLC

CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of December, 2010, I electronically filed the foregoing **EDIZONE, LLC'S ANSWER TO DECLARATORY JUDGMENT COUNTERCLAIMS** through the CM/ECF System, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing, or I served the same through direct email if they are not yet included in the CM/ECF System, as indicated below:

Clifford J. Payne
Morgan, Minnock, Rice & James, L.C.
Kearns Building, Eighth Floor
136 South Main Street
Salt Lake City, UT 84101
cpayne@mmrj.com

Alan L. Sullivan
Elisabeth M. McOmber
Snell & Wilmer, L.L.P.
15 W. South Temple, #1200
Salt Lake City, UT 84101-1531
asullivan@swlaw.com
emcomber@swlaw.com

Daniel A. Boehnen
Jessica L. Lunney
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive, Suite 3100
Chicago, IL 60606
boehnen@mbhb.com
lunney@mbhb.com

/Casey K. McGarvey/