IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| EDIZONE, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>SCHERING-PLOUGH HEALTHCARE PRODUCTS, INC., BROWN SHOE COMPANY, INC., WAL-MART STORES, INC., TARGET CORPORATION, WALGREEN CO., and DOES 1-50,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING SCHERING-PLOUGH'S MOTION TO STAY PROCEEDINGS<br><br><br><br>Case No. 2:10-CV-855 TS |

This matter is before the Court on Defendant Schering-Plough Healthcare Products, Inc.'s ("Schering-Plough") Motion to Stay Proceedings. Schering-Plough seeks to stay these proceedings as they relate to Defendants Wal-Mart Stores, Inc., Target Corporation, Walgreen Co., and Does 1-50 (collectively, "the Retailers"). For the reasons discussed below, the Court will deny the Motion.

1

I.  BACKGROUND

Plaintiff filed this action against Defendants on August 26, 2010.  Plaintiff alleges that Schering-Plough breached a license agreement and is thereby committing patent infringement.  Plaintiff alleges that Schering-Plough and the Retailers are infringing on Plaintiff's patent by supplying and selling massaging gel without a license.

In its Motion, Schering-Plough states that the Retailers' only connection to this suit is that they sold the Schering-Plough product at issue: Dr. Scholl's.  Schering-Plough further represents that the Retailers are indemnified by Schering-Plough and that Schering-Plough will stand liable for damages attributable to any Dr. Scholl's product sold by the Retailers.

II.  DISCUSSION

The Court has inherent power to grant a stay pending the result of other proceedings.[1] The Supreme Court has described this power as "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[2]  To make this determination "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."[3]  "Factors relevant to the court's decision are: (1) whether a stay would promote judicial economy; (2) whether a stay

---

[1] *Nederlandse ERTS-Tankersmaatchappij, N.V. v. Isbarndtsen Co.*, 339 F.2d 440, 441 (2d Cir. 1964).

[2] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

[3] *Id*. at 254-55.

would avoid confusion and inconsistent results; and (3) whether a stay would unduly prejudice the parties or create undue hardship."[4]

The party seeking a *Landis* stay carries a heavy burden:

[A party seeking] a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.[5]

In its Motion, Schering-Plough relies extensively on the "customer suit" exception to the first-filed rule. Under this doctrine, "litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer."[6] "At the root of the preference for a manufacturer's declaratory judgment action is the recognition that, in reality, the manufacturer is the true defendant in the customer suit. . . . [I]t is a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products."[7]

---

[4] *Evergreen Holdings, Inc. v. Sequoia Global, Inc.*, No. CIV-09-776-F, 2008 WL 4723008, at *2 (W.D. Okla. 2008).

[5] *Landis*, 299 U.S. at 255.

[6] *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990).

[7] *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 737-38 (1st Cir. 1977).

The customer suit exception, however, is not applicable where a plaintiff brings suit against both the manufacturer and the customer in the same action in the same district.[8] In such a situation, the concerns behind the customer suit exceptions—judicial economy and the prevention of inconsistent outcomes—simply do not exist.[9] While Schering-Plough argues that the same principles warrant a stay here, the Court disagrees.

Considering all of Schering-Plough's arguments, the Court finds that it has failed to make out the "clear case of hardship or inequity" required for a stay. Therefore, the Motion will be denied.

III. CONCLUSION

It is therefore

ORDERED that Schering-Plough's Motion to Stay Proceedings (Docket No. 44) is DENIED.

The hearing set for May 24, 2011, is STRICKEN.

DATED   April 25, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[8] *Heinz Kettler GMBH & Co. v. Indian Indus., Inc.*, 575 F.Supp. 2d 728, 730-31 (E.D. Va. 2008); *Privasys, Inc. v. Visa Int'l*, 2007 WL 3461761, at *3 (N.D. Cal. Nov. 14, 2007) (collecting cases).

[9] *Heinz Kettler GMBH & Co.*, 575 F.Supp. 2d at 730.